# EXHIBIT A

Case Number: 19-005412-CI

Filing # 93847375 E-Filed 08/08/2019 09:55:57 AM    Case 8:19-cv-03020-SCB-AEP Document 1-1    Filed 12/09/19    Page 2 of 23 PageID 8

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

---

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SIXTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PINELLAS</u>   COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Craig Mastrogiovanni</u>
 Plaintiff
            vs.
<u>Cox Radio, Inc.</u>
Defendant

---

**II.     TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

---

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
   ☒   Monetary;
   ☒   Non-monetary declaratory or injunctive relief;
   ☐   Punitive

IV.   **NUMBER OF CAUSES OF ACTION: (    )**
   (Specify)

   2

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐   Yes
   ☒   No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒   No
   ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒   Yes
   ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Jason William Imler        FL Bar No.:
     Attorney or party                                                                              (Bar number, if attorney)


     Jason William Imler    08/08/2019
       (Type or print name)                                                       Date

Case Number:19-005412-CI

Filing # 93847375 E-Filed 08/08/2019 09:55:37 AM    Case 8:19-cv-03020-SCB-AEP   Document 1-1   Filed 12/09/19   Page 4 of 23 PageID 10

# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND FOR PINELLAS COUNTY, FLORIDA
## CIVIL DIVISION

CRAIG MASTROGIOVANNI,

      Plaintiff,

**v.**                                              Case No.:

COX RADIO, INC.
d/b/a, COX MEDIA GROUP

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CRAIG MASTROGIOVANNI, (hereinafter "Plaintiff" or "Mr. Mastrogiovanni"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, COX RADIO, INC. d/b/a, COX MEDIA GROUP, (hereinafter "CMG"), and states:

## JURISDICTION AND VENUE

1.      This is an action for damages which exceed fifteen thousand dollars ($15,000).

2.      This is a civil action by Plaintiff against his former employer for monetary damages, declaratory relief and for other equitable relief pursuant to the Florida Civil Rights Act ("FCRA") §760.01, *et al*.

3.      Venue is appropriate in Pinellas County under § 47.011, Florida Statutes, because the events giving rise to the cause of action occurred in Pinellas County.

## PARTIES

4.      The Plaintiff is CRAIG MASTROGIOVANNI, a fifty-eight-year-old, American male who resides in Hillsborough County, Florida.

5.      The Defendant is COX RADIO, INC. d/b/a, COX MEDIA GROUP, a Foreign

1

***ELECTRONICALLY FILED 08/08/2019 09:55:35 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

Profit Corporation with its principal address located at 6205-A Peachtree Dunwoody Rd, Atlanta, Georgia 30328.

6.     Defendant is subject to jurisdiction in this Court as it conducts substantial and continuous business activities in Pinellas County including its station located at 11300 4th Street N., #300, St. Petersburg, Florida 33716.

7.     Plaintiff has satisfied all conditions precedent to bringing this action in that he filed a charge of discrimination with the Florida Commission on Human Relations (FCHR) on November 28, 2017, and over 180 days have passed without a ruling by the FCHR.

## STATEMENT OF FACTS

8.     Mr. Mastrogiovanni began working with CMG in December 2014 as a part-time board operator.

9.     Mr. Mastrogiovanni reported directly to Mike Oliviero, Director of Marketing and Promotions.

10.     As a part-time board operator Mr. Mastrogiovanni's work hours were very minimal.

11.     Mr. Oliviero consistently provided another part-time board operator, Monica Sandoval, significantly more hours. Specifically, Ms. Sandoval was scheduled: 78 hours in December 2014; 47 hours in January 2015; 53 hours in February 2015; and 144 hours in March 2015. Respectively Mr. Mastrogiovanni was only scheduled: 9 hours in December 2014, 12 hours in January 2015; 8 hours in February 2015; and he was not scheduled at all in March 2015.

12.     In January 2015, Mr. Mastrogiovanni spoke to Mr. Oliviero about being scheduled for more training hours. Mr. Oliviero said, "if you want more training hours, you will have to go work for another company."

13.     In March 2015, Mr.  Oliviero entirely removed Mr. Mastrogiovanni from the WHPT-FM Board Operator schedule.  Mr. Oliviero told Mr. Mastrogiovanni, "I don't want to let you go right now, you're sitting at the end of the bench."

14.     Mr. Mastrogiovanni remained off the schedule for seven weeks until he called Cox Corporate in Atlanta to complain about being off work for seven weeks without pay.

15.     In August 2017, Mr. Mastrogiovanni applied for an On-Air Host position. Despite having over 30 years radio experience, Mr. Mastrogiovanni wasn't called in for an interview.

16.     CMG selected a younger, less qualified woman for the position.

17.     Mr. Mastrogiovanni also applied for On-Air and producer related positions with Cox Media Group in St. Petersburg, Orlando, and Georgia during his employment. Mr. Mastrogiovanni wasn't considered for any of these positions.

18.     Mr. Oliviero had the authority to place Mr. Mastrogiovanni into the positions for which he applied.

19.     Mr. Oliviero chose to promote employees under the age of forty from the Promotions Department into broadcast studio on-air and producer positions.

20.     Mr. Oliviero refused to discuss Mr. Mastrogiovanni's desire to advance within Cox Media Group and restricted Mr. Mastrogiovanni to board operation.

21.     On August 26, 2017, following Mr. Mastrogiovanni's non-selection for the On-Air Host position, WHPT-FM morning show host, Mike Calta, said on air, "Craig was probably fired," referring to Mr. Mastrogiovanni. Another show host, Jovan, posted derogatory comments about Mr. Mastrogiovanni on his Facebook account.

22.     Mr. Mastrogiovanni informed Mr. Oliviero, of Mike Calta and Jovan's comments he said, "it's a joke, don't be so serious."

3

23.     Mr. Olivero's ignorance of the comments enabled CMG hosts to continue treating Mr. Mastrogiovanni in this disrespectful manner.

24.     On September 5, 2017, Mr. Oliviero came into the production studio while Mr. Mastrogiovanni was preparing and editing a "Delilah Show" to be broadcast in the evening and began antagonizing him.  Mr. Oliviero told Mr. Mastrogiovanni, "Don't make any fucking mistakes!" Mr. Oliviero went on to tell Mr. Mastrogiovanni, "if you work too many hours, I'll have to let you go."

25.     On September 12, 2017, Mr. Oliviero told Mr. Mastrogiovanni that he wouldn't have to work overnight hours anymore. Then on September 19, 2017, Mr. Oliviero told Mr. Mastrogiovanni that he would only be working overnights.

26.     On September 22, 2017, Mr. Oliviero gave Mr. Mastrogiovanni's Sunday afternoon and evening hours to Trevor Grout (age 35). This last-minute change to the schedule was an attempt by Mr. Oliviero to force Mr. Mastrogiovanni to quit.

27.     Following Mr. Oliviero's failed attempt to make him quit, Mr. Mastrogiovanni complained about Mr. Oliviero's age discrimination to CMG's Human Resources Director, Lisa DiRoma. Mr. Mastrogiovanni specifically told Ms. DiRoma that Mr. Oliviero was intentionally stifling his career and trying to force him to quit. Mr. Mastrogiovanni also told Ms. DiRoma that it seemed obvious that Mr. Oliviero had intentions to only promote younger employees to broadcasting positions.

28.     On September 26, 2017, within a week of his complaint to Ms. DiRoma, Mr. Oliviero called Mr. Mastrogiovanni to tell him that he was being terminated.

29.     Mr. Mastrogiovanni suffered adverse employment action and consequential damages as a result of discrimination based on his age and in retaliation for engaging in a

4

protected activity.

30.     CMG and Mike Oliviero's decision to terminate Mr. Mastrogiovanni was an adverse employment action taken because he is a fifty-eight-year-old man and because he complained about age discrimination. As such, these actions were in direct violation of the Florida Civil Rights Act of 1992, §760.01 and §760.10(1) Florida Statutes.

31.     Mr. Mastrogiovanni has incurred costs and attorney's fees in bringing this matter.

**COUNT I**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**<u>FOR DISCRIMINATION ON THE BASIS OF AGE</u>**

32.     Plaintiff re-alleges and re-adopts paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.     The FCRA makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on age, as applicable to this action.

34.     Defendant is liable for the discrimination alleged herein; these actions all adversely affected the terms and conditions of Plaintiff's employment in violation of the FCRA.

35.     CMG, by and through its employees, treated Mr. Mastrogiovanni less favorably than his younger peers.

36.     CMG unlawfully discriminated against Mr. Mastrogiovanni when it terminated him because of his age.

37.     Because of CMG's discrimination and unlawful termination of Mr. Mastrogiovanni, he has suffered loss of income and will continue to suffer lost income in the future.

38.     Defendant's agents acted with intent, malice and reckless disregard for Plaintiff's protected rights.

39.     The actions and inactions of Defendant and its agents constitute unlawful age discrimination.

**WHEREFORE**, Plaintiff demands:

   (a)     An injunction restraining continued violation of the FCRA;

   (b)     Compensation for lost wages, benefits, and other remuneration;

   (c)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

   (d)     Compensatory damages, including emotional distress, allowable at law;

   (e)     Prejudgment interest on all monetary recovery obtained;

   (f)     All costs and attorney's fees incurred in prosecuting these claims; and

   (g)     For such further relief as the Court deems just and equitable.

### COUNT II
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### FOR RETALIATION FOR REPORTING UNLAWFUL DISCRIMINATION

40.     Plaintiff re-alleges and re-adopts paragraphs 1 through 31 of this Complaint as if fully set forth herein.

41.     This is an action against Defendant alleging retaliation for engaging in a protected activity in violation of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. ("FCRA").

42.     The FCRA makes it unlawful to retaliate against any individual in the terms, conditions, or privileges of employment based on that person's engagement in a protected activity.

43.     Plaintiff engaged in a protected activity when he complained about Mr. Oliviero's age discrimination to CMG's Human Resources Director, Lisa DiRoma. Mr. Mastrogiovanni

specifically told Ms. DiRoma that he felt that Mr. Oliviero was intentionally stifling his career and trying to force him to quit. Mr. Mastrogiovanni also told Ms. DiRoma that it seemed obvious that Mr. Oliviero had intentions to only promote younger employees to broadcasting positions.

44.     Plaintiff is a member of a protected class by his engagement in a protected activity and is protected by the FCRA from retaliation.

45.     Plaintiff has satisfied all procedural and administrative requirements set forth in the Florida Civil Rights Act, Section 760.01, et seq., Florida Statutes.

46.     Defendant's failure to promote and termination of Plaintiff were based on his engagement in a protected activity.

47.     Defendant is liable for the retaliation Plaintiff suffered because of his complaints to management about age discrimination.

48.     In retaliation for Plaintiff's action of reporting discrimination, Defendant terminated Mr. Mastrogiovanni.

49.     The retaliation complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

50.     The unlawful employment practices complained of above were intentional and done with the express purpose of denying Plaintiff career advancement.

51.     As a direct, natural, proximate and foreseeable result of Defendant's acts, Plaintiff has suffered loss of employment, loss of front pay, loss of back pay, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's conduct described herein.

52.     Plaintiff is entitled to legal and injunctive relief as a result of Defendant's actions.

**WHEREFORE**, Plaintiff demands:

(a)    An injunction restraining continued violation of the FCRA;

(b)    Compensation for lost wages, benefits, and other remuneration;

(c)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(d)    Compensatory damages, including emotional distress, allowable at law;

(e)    Prejudgment interest on all monetary recovery obtained;

(f)    All costs and attorney's fees incurred in prosecuting these claims; and

(a)    For such further relief as the Court deems just and equitable.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff respectfully requests a trial by jury.

Dated this 7th day of August 2019.

*/s/ Jason W. Imler*
**JASON W. IMLER, ESQ.**
Florida Bar No. 1004422
**GARY L. PRINTY, JR. ESQ.**
Florida Bar No. 41956
**PRINTY & PRINTY, P.A.**
3411 W Fletcher Ave, Ste A
Tampa, Florida 33618
(P): (813) 434-0649
(F): (813) 423-6543
garyjr@printylawfirm.com
jason.imler@printylawfirm.com
toni.harrold@printylawfirm.com
*Attorney for Plaintiff*

# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND FOR PINELLAS COUNTY, FLORIDA
## CIVIL DIVISION

CRAIG MASTROGIOVANNI,

     Plaintiff,

**v.**                                                                     Case No.:

COX RADIO, INC.
d/b/a, COX MEDIA GROUP

     Defendant.

——————————————————/

## SUMMONS

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant, COX RADIO, INC. d/b/a, COX MEDIA GROUP, registered agent:

<u>CORPORATION SERVICE COMPANY</u>
<u>1201 HAYS STREET</u>
<u>TALLAHASSEE, FL 32301</u>

Each defendant is required to serve written defenses to the complaint or petition on <u>JASON W. IMLER</u>, plaintiff's attorney, whose address is 3411 West Fletcher Ave., Suite A, Tampa, Florida 33618 within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     AUG 08 2019

DATED on this 7th day of August 2019

Printed:    Jason W. Imler
Attorney for CRAIG MASTROGIOVANNI
3411 W Fletcher Ave., Suite A
Tampa, Florida 33618
Phone  (813) 434-0649
Florida Bar No.: <u>1004422</u>

KEN BURKE CLERK CIRCUIT COURT
315 Court Street
Clearwater, Pinellas County, FL 33756-5165

KEN BURKE
as Clerk of the Court

By: *Sally M. Marten*
As Deputy Clerk
Phone: (727) 464-7000



1

***ELECTRONICALLY FILED 08/08/2019 09:55:35 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

[1]Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you to the provision of certain assistance. Within two (2) working days or your receipt of this (describe notice/order) please contact the Human Rights Office, 400 S. Ft. Harrison Ave., Ste. 300, Clearwater, FL 33756, (727) 464-4062 (V/TDD). The court does not provide transportation and cannot accommodate for this service. Persons with disabilities needing transportation to court should contact their local public transportation providers for information regarding disabled transportation services.

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Sino conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etesobliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici,si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissezpas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite,il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-ddessousous.

2

## VERIFIED RETURN OF SERVICE

| State of Florida | County of Pinellas | Circuit Court |
|---|---|---|

Case Number: 19-005412-CI

Plaintiff:
**Craig Mastrogiovanni**

vs.

Defendant:
**Cox Radio, Inc d/b/a Cox Media Group**

For:
Plaintiff's Attorney

Received by Sylvia's Process & Investigative services on the 9th day of August, 2019 at 10:30 am to be served on **Cox Radio, Inc d/b/a Cox Medica Group c/o Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301**.

I, Robyn Buda, do hereby affirm that on the **9th day of August, 2019** at **2:15 pm, I:**

Served by delivering in a corporate manner, a true copy of the **Summons & Complaint** with the server's identification number, initials, date, and hour of service endorsed thereon by me on the copy served to: **Kara Stover** who is employed by and is the Authorized Agent/Employee Authorized to accept service for **Corporation Service Company as Registered Agent for Cox Radio, Inc d/b/a Cox Medica Group**, and informed said person of the contents therein, in compliance with state statutes.

Under Penalties of Perjury, I declare I have read the foregoing document and the facts stated in it are true. I am over the age of 18, of sound mind and neither a party to or interested in the above suit. Notary not required pursuant to F.S. 92.525

_____

**Robyn Buda**
ID#247 2nd Circuit

**Sylvia's Process & Investigative services**
**P.O. Box 49035**
**Tampa, FL 33646**
**(813) 966-6180**

Our Job Serial Number: VPS-2019008785

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c

IN THE CIRCUIT COURT OF THE
6TH JUDICIAL CIRCUIT, IN AND
FOR PINELLAS COUNTY, FL

Case No. 19-005412-CI

CRAIG MASTROGIOVANNI

     Plaintiff,

vs.

COX RADIO, INC. d/b/a, COX MEDIA
GROUP

     Defendant.

_____/

### DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

Defendant COX RADIO, INC. d/b/a, COX MEDIA GROUP moves the Court under Rule 1.090(b) of the Florida Rules of Civil Procedure for an extension of time to answer or respond to Plaintiff's Complaint. In support, Defendant shows the Court as follows:

1.     Plaintiff filed his Complaint against Defendant on August 8, 2019, and served it on August 9, 2019. Defendant's answer thus is currently due on or before Thursday, August 29, 2019.

2.     Defendant has just retained the undersigned counsel and counsel is in the process of investigating Plaintiff's allegation. Defense counsel needs additional time to investigate the claims and prepare a responsive pleading.

3.     Defense counsel conferred with Plaintiff's attorney, who does not oppose the Motion.

4.     Defendant thus requests an additional fourteen days to answer or otherwise respond to Plaintiff's Complaint, through and including September 12, 2019.

5.      This motion is filed before the response to the Complaint is due and is sought in good faith and not for the purpose of unwarranted delay.

Defendant therefore respectfully requests that the Court issue an order granting Defendant through and including September 12, 2019, to answer or otherwise respond to Plaintiff's Complaint.  For the Court's convenience, a proposed order is attached.

Respectfully submitted,

By:  _s/ Alex S. Drummond_
Alex S. Drummond
Florida Bar No. 0038307
adrummond@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056

Attorney for Defendant
Cox Radio, Inc. d/b/a Cox Media Group

DATED:  August 28, 2019

IN THE CIRCUIT COURT OF THE
6TH JUDICIAL CIRCUIT, IN AND
FOR PINELLAS COUNTY, FL

Case No. 19-005412-CI

CRAIG MASTROGIOVANNI

    Plaintiff,

vs.

COX RADIO, INC. d/b/a, COX MEDIA
GROUP

    Defendant.

_____/

## CERTIFICATE OF SERVICE

I certify that on August 28, 2019, I electronically filed **DEFENDANT'S UNOPPOSED**

**MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO**

**PLAINTIFF'S COMPLAINT** with the Clerk of Court using the Florida Courts E-filing Portal,

and have also forwarded a true and correct copy to the following individual via U.S. Mail:

Jason W. Imler, Esq.
Gary L. Printy, Jr.
Printy & Printy, P.A.
3411 W. Fletcher Avenue, Suite A
Tampa, Florida 33618

*s/ Alex S. Drummond*
Alex S. Drummond
Florida Bar No. 0038307
Counsel for Defendant

IN THE CIRCUIT COURT OF THE
6TH JUDICIAL CIRCUIT, IN AND
FOR PINELLAS COUNTY, FL

Case No. 19-005412-CI

CRAIG MASTROGIOVANNI

     Plaintiff,

vs.

COX RADIO, INC. d/b/a, COX MEDIA
GROUP

     Defendant.

_____/

## **ORDER**

     Having shown good cause for extending the time for Defendant COX RADIO, INC. d/b/a,

COX MEDIA GROUP to answer or otherwise plead in response to Plaintiff's Complaint, IT IS

HEREBY ORDERED that the deadline by which DEFENDANT COX RADIO, INC. d/b/a COX

MEDIA GROUP must answer or otherwise plead in response to Plaintiff's Complaint is extended

through and including September 12, 2019.

     SIGNED this _____ day of _____, 2019.


                        _____
                        JUDGE

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION**

CRAIG MASTROGIOVANNI,

      Plaintiff,                     CASE NO.:  19-005412-CI

vs.

COX MEDIA GROUP d/b/a COX RADIO, INC.,

      Defendant.

_____/

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

Plaintiff, CRAIG MASTROGIOVANNI, (hereinafter "Plaintiff" or "Mr. Mastrogiovanni") hereby gives notice of serving the attached Interrogatories, numbered 1 through 23, on the Defendant, COX MEDIA GROUP d/b/a COX RADIO, INC, (hereinafter "Defendant" or "Cox Media"), in this matter. In accordance with Rule 1.340 of the Florida Rules of Civil Procedure, Defendant is required to answer in writing and under oath the attached Interrogatories, numbered 1 through 23, inclusive, as shown below, within thirty (30) days from the date of service.

                                Respectfully submitted,

                                /s/ Gary L. Printy Jr.
                                Gary L. Printy, Jr., Esq.
                                Florida Bar No. 41956
                                Jason W. Imler, Esq.
                                Florida Bar No. 1004422
                                PRINTY & PRINTY, P.A.
                                3411 W. Fletcher Ave., Suite A
                                Tampa, Florida 33618
                                Telephone (813) 434-0649
                                FAX (813) 423-6543
                                garyjr@printylawfirm.com
                                jason.imler@printylawfirm.com
                                toni.harrold@printylawfirm.com
                                wanda.butler@printylawfirm.com

IN THE CIRCUIT COURT OF THE
SIXTH JUDICIAL CIRCUIT, IN AND
FOR PINELLAS COUNTY, FLORIDA

CRAIG MASTROGIOVANNI,

          Plaintiff,

    v.

COXMEDIA GROUP d/b/a COX RADIO,
INC.,

          Defendant.

Case No. 19-005412-CI

## <u>RULE 1.340(e) CERTIFICATE OF SERVICE</u>

I certify that on October 2, 2019, I served **DEFENDANT'S FIRST**

**INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

**TO PLAINTIFF** upon Plaintiff Craig Mastrogiovanni by forwarding a true and correct copy to

his attorney via U.S. Mail and email:

Jason W. Imler, Esq.
Gary L. Printy, Jr.
Printy & Printy, P.A.
3411 W. Fletcher Avenue, Suite A
Tampa, Florida 33618

*s/ Alex S. Drummond*
Alex S. Drummond
Florida Bar No. 0038307
Counsel for Defendant

IN THE CIRCUIT COURT OF THE
SIXTH JUDICIAL CIRCUIT, IN AND
FOR PINELLAS COUNTY, FLORIDA

CRAIG MASTROGIOVANNI,

        Plaintiff,

  v.

COXMEDIA GROUP d/b/a COX RADIO,
INC.,

        Defendant.

Case No. 19-005412-CI

## CERTIFICATE OF SERVICE

I certify that on October 2, 2019, I electronically filed **DEFENDANT'S RULE 1.340(e)**

**CERTIFICATE OF SERVICE** with the Clerk of Court using the Florida Courts E-filing Portal,

and have also forwarded a true and correct copy to the following people via U.S. Mail and email:

Jason W. Imler, Esq.
Gary L. Printy, Jr.
Printy & Printy, P.A.
3411 W. Fletcher Avenue, Suite A
Tampa, Florida 33618

*s/ Alex S. Drummond*
Alex S. Drummond
Florida Bar No. 0038307
Counsel for Defendant

# I IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND FOR PINELLAS COUNTY, FLORIDA
## CIVIL DIVISION

CRAIG MASTROGIOVANNI,

    Plaintiff,

Case No.: 2019-CA-005412

COX RADIO, INC.
d/b/a, COX MEDIA GROUP

    Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVING ANSWERS
## TO DEFENDANT'S FIRST SET OF INTERROGATORIES

NOTICE IS HEREBY GIVEN that a copy of Plaintiff's Answers to Defendant's First Set

of Interrogatories has been furnished via e-Mail to: counsel for Defendant: Alex S. Drummond,

1075 Peachtree Street, N.E., Ste 2500, adrummond@seyfarth.com, on this Friday, November 8,

2019.

Respectfully Submitted,

*/s/ Jason W. Imler*_____
**JASON W. IMLER, ESQ.**
Florida Bar No. 1004422
**GARY L. PRINTY, JR. ESQ.**
Florida Bar No. 41956
**PRINTY & PRINTY, P.A.**
3411 W Fletcher Ave, Ste A
Tampa, Florida 33618
(P): (813) 434-0649
(F): (813) 423-6543
garyjr@printylawfirm.com
jason.imler@printylawfirm.com
toni.harrold@printylawfirm.com
wanda.butler@printylawfirm.com
*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 8th day of November 2019, a true and correct

copy of the foregoing was sent via Florida Courts E-Portal to the following:

SEYFARTH SHAW LLP
Alex S. Drummond, Esq.
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309
adrummond@seyfarth.com

/s/ Jason W. Imler
**JASON W. IMLER, ESQ.**
Florida Bar No. 1004422
**GARY L. PRINTY, JR. ESQ.**
Florida Bar No. 41956
**PRINTY & PRINTY, P.A.**
3411 W Fletcher Ave, Ste A
Tampa, Florida 33618
(P): (813) 434-0649
(F): (813) 423-6543
garyjr@printylawfirm.com
jason.imler@printylawfirm.com
toni.harrold@printylawfirm.com
wanda.butler@printylawfirm.com
*Attorney for Plaintiff*
